**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, AFL–CIO, et al., Defendants.**

**No. 88 CIV. 4486 (DNE).**

United States District Court,
S.D. New York.

Nov. 1, 1990.

---

Lewis, Greenwald, Kennedy, Lewis, Clifton & Schwartz, P.C., New York City (Daniel E. Clifton, Henry J. Feldman, of counsel), for Reuben Zeller.

Frederick B. Lacey, Independent Administrator, Newark, N.J. (Stuart Alderoty, of counsel).

Michael Holland, Election Officer, Washington, D.C. (Barbara Hillman, of counsel).

Otto G. Obermaier, U.S. Atty., S.D.N.Y. (Edward T. Ferguson, III, Asst. U.S. Atty., of counsel), for U.S.

## MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

Applicant Richard Zeller filed an application to this Court dated October 31, 1990 seeking review of an October 24, 1990 decision of the Independent Administrator, 90–Elec.App.–4. In his application Zeller, a member of Local 435 in Denver Colorado, moves this Court for a preliminary injunction overturning the October 24, 1990 decision of the Independent Administrator. For reasons to be discussed, Zeller's motion for a preliminary injunction is denied.

In 90–Elec.App.–4, the Independent Administrator ruled on an election protest filed by Zeller challenging the nominations of candidates for Local 435's upcoming delegate election. The Independent Administrator ruled that the two candidates, Thomas Dimino and David Ring, were improperly nominated, and ordered a special nominating meeting be held where Dimino and Ring could be properly nominated. The special meeting was held on October 27, 1990. Dimino and Ring were properly nominated at the special meeting. The instant application followed. Zeller brought an order to show cause seeking a temporary restraining order and preliminary injunction at 5:15 p.m. on October 31, 1990. At 6:00 p.m. on October 31, 1990, this Court denied Zeller's application for a temporary restraining order, and ordered that a hearing be held on the preliminary injunction application at 8:30 a.m. on November 1, 1990.

Zeller's motion for a preliminary injunction seeks to enjoin Local 435's delegate election because the special meeting ordered by the Independent Administrator was beyond the scope of the election rules adopted for the 1991 IBT election. Specifically, Zeller alleges that the Independent Administrator had no authority to order the special meeting. In Zeller's view, once the Independent Administrator ruled that Dimino and Ring were improperly nominated, they should have been permanently excluded from the ballot.

■ In this circuit, it is well settled that the standard for issuing a preliminary injunction is a showing of (a) irreparable harm *and* (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly towards the movant requesting the preliminary injunctive relief. Since Zeller failed to demonstrate any irreparable harm, or likelihood of success on the merits, in his papers or at the hearing, the motion for a preliminary injunction must be denied.

■ Zeller argues that he faces irreparable harm from participating in an election where it is unclear who the candidates are. He argues that should this court overturn the October 24, 1990 decision of the Independent Administrator after the delegate election, then Local 435 would face the time and expense of a rerun election. This argument, however, only alleges that Local 435 might suffer harm. Zeller has not showed that he personally stands to suffer any irreparable harm.

Second, and most importantly, Zeller has not demonstrated any likelihood of success on the merits in this case. Zeller asks this Court to overturn the October 24, 1990 decision of the Independent Administrator. Pursuant to ¶ K.16 of the Consent Decree, decisions of the Independent Administrator are only to be overturned if they are an "abuse of discretion." The Court of Appeals has interpreted ¶ K.16 to mean that decisions of the Independent Administrator "are entitled to great deference." 905 F.2d 610, 616 (2d Cir.1990).

■ Zeller argues that the Independent Administrator's decision to allow Dimino and Ring an opportunity to correct the flaws in their nominations by way of this special meeting was error. Essentially, Zeller argues that incumbents such as Dimino and Ring should not be allowed an opportunity to correct a flaw in their nominations. He asserts that there is no basis in the election rules for this special meeting, and that it creates an appearance of favoritism towards incumbents. These arguments are incorrect.

First, the authority of the Independent Administrator to order the special meeting is clear from the election rules. The Independent Administrator ordered that special meeting pursuant to his authority to decide election appeals under Article XI, Section 1.a.8 of the election rules. That provision authorizes the Independent Administrator to make "whatever findings and ordering whatever relief is appropriate to resolve the appeal." Article XI, Section 2 lists a large number of potential remedies available to resolve election appeals. Article XI, Section 2(j) authorizes ordering that meetings be held. Article XI, Section 2(x) permits ordering the rerun of any nomination or election. These remedies specifically available to the Election Officer are equally available to the Independent Administrator.

Second, Zeller argues that allowing Dimino and Ring a second chance at nomination creates the impression of impropriety and favoritism towards incumbent candidates. Zeller's reasoning in this regard is not correct. As this election process continues, it

is more likely that challenging candidates like Zeller, rather than incumbent candidates like Dimino and Ring, will make errors conforming to these election rules and therefore are more likely to need an opportunity to cure any defect. The Court Officers should fashion relief as needed in response to such situations.

At the hearing held November 1, 1990, the Independent Administrator argued that underlying policy should favor the inclusion of candidates in IBT elections. The Independent Administrator, Election Officer, and Government all believe that the public interest lies in allowing more rather than less choice in these IBT elections. The Court agrees that the Independent Administrator should decide election protests with an underlying philosophy of inclusiveness rather than exclusiveness. As this Court has stated time and again, it is of critical importance that the IBT, the rank and file, and the public at large have confidence that these elections shall be fair, free, and that they go forward without delay.

The Independent Administrator determined that the proper relief in Zeller's appeal was to order a special meeting for the purpose of nominating Dimino and Ring. The Independent Administrator considered the flaws in Dimino and Ring's nominations, and determined that the special meeting was the "relief appropriate to cure the appeal." Election rules, Article XI, Section 1.a.(8). Zeller has not demonstrated that the special meeting ordered by the Independent Administrator was an abuse of discretion.

■ Finally, Zeller claims that the special meeting itself was procedurally flawed, because of a lack of quorum and lack of proper notice. But these claims are not properly before this Court, because Zeller must follow the procedure spelled out in Article XI of the election rules.

*Conclusion*

For the reasons stated above, it is hereby ordered that movant's motion for a preliminary injunction is denied in all respects. Further, Zeller's appeal of the October 24,

1990 decision of the Independent Administrator is hereby denied.

So Ordered.